IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


**MALLORI J. WILSON,**

                        **Petitioner,**

        v.                                              CASE NO. 18-3207-SAC

**WARDEN SHANNON MEYER[1],**

                        **Respondent.**


## NOTICE AND ORDER TO SHOW CAUSE

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2254. Petitioner proceeds pro se, and her fee status is pending.

### Background

Petitioner is serving a 46-month sentence. In April 2017, the District Court of Johnson County denied her request for sentence modification. (Doc. #1, Attach.). Petitioner did not appeal from that ruling. On August 10, 2018, she filed the present petition for habeas corpus.

### Discussion

Under Rule 4 of the Rules Governing Habeas Corpus, the Court must promptly review an application for habeas corpus and, where it plainly appears that the petitioner is not entitled to relief, must dismiss the petition.

The Court has reviewed the petition and finds the following grounds support the dismissal of this action. First, the petition does not identify any federal ground for relief. Petitioner states only

---

[1] The Court substitutes Warden Meyer as the respondent in this action. Under Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts, when the petitioner is in custody under a state-court judgment, "the petition must name as respondent the state officer who has custody."

that she seeks additional review of the decision of the state district court. Under the governing statute, a federal court may grant habeas corpus relief to a state prisoner "only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). *See also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991)(it is not the province of a federal court to review state-court determinations of state-law questions).

Next, under 28 U.S.C. § 2254(b)(1), a Court may not grant a petition for habeas corpus unless it appears that the petitioner has exhausted state court remedies or that no adequate state remedies are available or effective. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999). A state prisoner seeking habeas corpus relief has the burden of showing exhaustion of each claim. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992). Because petitioner did not seek review of her claim in the Kansas Court of Appeals and the Kansas Supreme Court before bringing this action, she has not met the exhaustion requirement.

Finally, this matter is subject to a one-year statute of limitations. 28 U.S.C. § 2244(d). Even if petitioner's failure to exhaust state court remedies could be excused, petitioner has failed to bring this matter within one year.

### Order to Show Cause

The Court directs petitioner to show cause on or before **September 14, 2018,** why this matter should not be dismissed due to her failure to identify a federal claim for habeas corpus relief, to properly exhaust state court remedies, and to present this matter within the one-year limitation period.

IT IS, THEREFORE, BY THE COURT ORDERED petitioner is granted to and including **September 14, 2018,** to show cause why this matter should not be dismissed.

**IT IS SO ORDERED.**

DATED: This 14th day of August, 2018, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge